NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 15a0343n.06

Case No. 14-5789

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 08, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DONALD CORLEY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMMONWEALTH INDUSTRIES, INC. | ) | |
| CASH BALANCE PLAN; | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| COMMONWEALTH INDUSTRIES, INC.; | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| and | ) | KENTUCKY |
| | ) | |
| BENEFITS COMMITTEE FOR THE | ) | |
| COMMONWEALTH INDUSTRIES, INC. | ) | |
| CASH BALANCE PLAN | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| _____/ | ) | |

Before: MERRITT, BOGGS, and ROGERS, Circuit Judges.

MERRITT, Circuit Judge. Throughout this ERISA litigation, Plaintiff Donald Corley has repeatedly argued that the plain language of his pension-benefits Plan entitles him to a larger lump-sum pension payment than he actually received. This appeal is the second time this case has been before our court on this issue. *See Fallin v. Commonwealth Indus., Inc.*, 695 F.3d 512 (6th Cir. 2012). In the first appeal, we held that the Benefits Committee's interpretation of the

Plan's terms was not arbitrary or capricious. *See id.* at 516. Corley fully briefed this issue then, and it is precisely the same argument he raises now. Because we squarely decided the issue in the first appeal, we hold that the law of the case doctrine precludes us from reconsidering it. *See Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1071 (6th Cir. 2014). Accordingly, the judgment of the district court is AFFIRMED.